## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
Andrew D. Beresin (AB 0603)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff, individually and on behalf*
*of all others similarly situated*

| | |
|---|---|
| A. MANNY ALICANDRO, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. –<br><br>COINBASE GLOBAL, INC., BRIAN ARMSTRONG, ALESIA J. HAAS, JENNIFER N. JONES, MARC L. ANDREESEN, FREDERICK ERNEST EHRSAM III, KATHRYN HAUN, KELLY KRAMER, GOKUL RAJARAM, FRED WILSON, EMILIE CHOI, SUROJIT CHATTERJEE, AH CAPITAL MANAGEMENT LLC, PARADIGM FUND LP, RIBBIT MANAGEMENT COMPANY, LLC, TIGER GLOBAL MANAGEMENT, LLC, UNION SQUARE VENTURES, LLC, and VISERION INVESTMENT PTE LTD.,<br><br>Defendants. | DOCKET NO. 22-cv-_____<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff A. Manny Alicandro ("Plaintiff"), by and through his undersigned

attorneys, on behalf of himself and all other persons similarly situated, for his complaint

against Coinbase Global, Inc., Brian Armstrong, Alesia J. Haas, Jennifer N. Jones, Marc

L. Andreesen, Frederick Ernest Ehrsam III, Kathryn Haun, Kelly Kramer, Gokul Rajaram, Fred Wilson, Emilie Choi, Surojit Chatterjee, AH Capital Management LLC, Paradigm Fund LP, Ribbit Management Company, LLC, Tiger Global Management, LLC, Union Square Ventures, LLC, and Viserion Investment Pte Ltd., alleges as follows herein below upon information and belief, except as to those allegations specifically concerning Plaintiff, which are alleged upon personal knowledge.  Plaintiff's information and belief is based upon, among others, his counsel's investigation, which includes, without limitation, review and analysis of (a) regulatory filings made by Coinbase Global, Inc. ("Coinbase" or the "Company"), certain controlling persons and insiders of the Company with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) press releases and media reports issued and disseminated by Coinbase; and (c) other publicly available information concerning Coinbase.

## **NATURE OF THE ACTION**

1.     Plaintiff alleges, on behalf of himself and all other similarly situated persons who purchased or otherwise acquired Coinbase Class A common stock pursuant and/or traceable to the Company's registration statement, amendments thereto and prospectus (collectively the "Registration Statement") for the resale of up to 114,850,769 shares of its Class A Common stock whereby Coinbase began trading as a public company on or around April 14, 2021 (the "Offering"), violations of federal and state securities laws.  Plaintiff pursues claims against Defendants under the Securities Act of 1933 (the "Securities Act"), Securities Exchange Act of 1934 (the "Exchange Act"), as well as New York State law.

2.     This case concerns a course of consistent, deceptive conduct by Coinbase Global, Inc. (the "Company"), and several of its executives, directors and venture capital

investors, to mask their true intentions to use the April 2021 direct listing of the Company's Class A common stock as a liquidity event in order to monetize their equity stakes in the Company by personally selling millions of shares for more than $2.7 billion on the very first day the Company's stock became available for public trading, April 14, 2021.

3.     On that day, Coinbase stock opened at $381 and traded as high as $429.54, but after several of the defendants had sold more than seven million shares that day, closed at $328.28.

4.     Seven of the defendants - Brian Armstrong, Marc Andreesen, Surojit Chatterjee, Jennifer Jones, Alesia Haas, Frederick Ehrsam, and Kathryn Haun - sold a combined 1,314,677 shares of Coinbase Class A common stock at the market opening, at $381 per share, on April, 14, 2021, the earliest possible moment they could have sold shares publicly.

5.     Coinbase stock has never traded as high as $350 since that day, and is currently trading near $90.

6.     Contrary to what was disclosed in the Company Form S-1, amendments thereto, and even in the final prospectus, all filed between February 25, 2021 and April 14, 2021, to the effect that "there is no assurance that any stockholders will sell any of their shares" several of the defendants each took actions in the days leading up to April 14, 2021 to significantly increase their holdings of saleable, Class A common shares, and then collectively sold more than seven million shares on April 14, 2021, receiving more than $2.7 billion in proceeds from those sales.

7.     On April 14, 2021, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement.  The Company registered for the

resale of up to 114,850,869 shares of Class A common stock by registered shareholders, with a reference price of $250, as determined the Nasdaq Global Select Market ("NMX") prior to the Offering. According to the Registration Statement, the resale of the Company's stock was not underwritten by any investment bank and the registered stockholders would purportedly elect whether or not to sell their shares. Such sales, if any, would be brokerage transactions on the NMX and Coinbase would purportedly not receive any proceeds from the sale of Class A common stock by the registered stockholders.

8.     The Registration Statement was false and misleading and omitted to state that at the time of the Offering on April 14, 2021, Defendants had already acquired, by conversion, option exercise, or otherwise, an additional approximate amount of twelve million shares of the Company's class A common stock, increasing their combined holdings of Class A common stock to nearly double the amount which was disclosed in the final amendment to the Registration Statement filed with the SEC on March 23, 2021 and repeated in the prospectus filed on April 14, 2021.

9.     The prospectus filed by the Company on April 14, 2021 and incorporated into the Registration Statement was especially misleading because it failed to correct that misrepresentation of how many Class A common shares  - the only class of shares able to be sold in the Offering – were then owned by Defendants.

10.     The final version of Registration Statement omitted to disclose that in the short time between the Offering date (April 14, 2021) and the effective date of the Registration Statement not even two weeks prior (April 1, 2021), several of the defendants had collectively almost doubled the number of readily saleable class A common shares they held to approximately 28 million shares.

11.    The misleading nature of the failure to disclose those increased holdings of readily saleable class A common shares was enhanced by the Registration Statement expressly providing that "we have not consulted with registered stockholders or other existing stockholders regarding their desire or plans to sell shares in the public market following the listing…"

12.    Several of the individual defendants personally signed the Registration Statement and were among such registered or existing stockholders purportedly not consulted about their own intentions, yet each of these defendants took action to acquire additional Class A common shares in the days leading up to the Offering and collectively sold approximately six million shares collectively on the first day of trading, April 14, 2021.

13.    The misleading nature of these defendants' failure to disclose their abruptly increased holdings of Coinbase Class A common shares was further enhanced by the Registration Statement providing that "there can be no assurance" that any stockholders will sell any shares in the Offering, and that "there initially may be a lack of supply".

14.    One officer of the Company, chief legal officer Paul Grewal, made no changes to his holdings in the days leading up to the Offering, nor did he sell any Coinbase shares on April 14, 2021, or in the days immediately following the Offering.

15.    In a direct listing offering, such as the Offering, the amount of, and changes in the number of shares owned by registered holders, especially insiders, at or near the time of the Offering is a material fact to prospective public investors considering purchasing shares in the Offering.

16.     Defendants failed to disclose changes in their equity holdings in the Company prior to the Offering, which changes were material to investors deciding whether to purchase shares in the Offering.

17.     The individual defendants, AH Capital Management LLC and Union Square Ventures, LLC collectively sold in excess of seven million shares of the Company Class A common stock on the first day that NMX commenced trading in the Company's common Class A common stock on April 14, 2021, receiving more than $2.7 billion dollars in proceeds from those sales.

18.     Defendants continued to sell additional shares of the Company's Class A common stock in the days that followed.

19.     Less than 30 days later, Coinbase's share price had fallen more than 30% from its opening price of $381 on April 14, 2021, while the Nasdaq Index fell 5% during that same period.

20.     On May 13, 2021, Coinbase reported its quarterly earnings for the first time as a public company, but the share price continued to decline another 15% during the following week.

21.     Coinbase common stock eventually declined by as much as 89% from the $381 opening price of the Offering, reaching its all-time low price of $40.83 on May 12, 2022.

22.     The Registration Statement was additionally false and misleading by providing that (1) customers could "store their savings" on Coinbase's platform; (2) crypto assets, platforms and applications represented "hundreds of trillions of dollars of value today"; and (3) crypto is a store of value.  Such positive statements about the Company's

business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

23.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## THE PARTIES

24.     Plaintiff A. Manny Alicandro, is an adult individual residing in New York, New York, who purchased or otherwise acquired Coinbase securities pursuant and/or traceable to, and in reliance on, the Registration Statement issued in connection with the Company's Offering, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

25.     Defendant Coinbase is incorporated under the laws of Delaware, and is a "remote-first" company, with no principal place of business or headquarters.  Coinbase is incorporated under the laws of Delaware.  Coinbase Class A common shares trade on the NMX under the ticker symbol "COIN".

26.     Coinbase offers an online platform for retail users and institutions to access, and transact in crypto markets, as well as stake, store, spend, borrow, earn and use crypto assets, on a hosted or self-hosted basis.

27.     Coinbase "enables customers around the world to store their savings in a wide range of crypto assets" on "a trusted platform owing to our heritage of security and culture of regulatory compliance." The "unique properties" of these crypto assets "naturally position them as a digital alternative to store of value analogs such as

gold…enable the creation of an internet-based financial system…and provide a development platform for applications that are unimaginable today".

28.      These "markets and asset classes collectively represent hundreds of trillions of dollars of value today. Crypto "has the potential to be as revolutionary and widely adopted as the internet."

29.      Coinbase "invest[s] heavily in regulatory compliance by working with regulators around the world" and its "scale and leadership position draws ecosystem partners to connect with our millions of customers around the world, further enhancing the value of our platform."

30.      Defendant Brian Armstrong ("Armstrong") is, and at the time of the Offering was, the Chief Executive Office and Chairman of the Board of Coinbase, and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

31.      Defendant Alesia J. Haas ("Haas") is, and at the time of the Offering was, the Chief Financial Officer of Coinbase and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

32.      Defendant Jennifer N. Jones ("Jones") is, and at the time of the Offering was the Chief Accounting Officer of Coinbase and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

33.      Defendant Surojit Chatterjee ("Chatterjee") is, and at the time of the Offering was the Chief Product Officer of Coinbase.

34.      Defendant Emilie Choi ("Choi") is, and at the time of the Offering was the President and COO of Coinbase.

35.     Defendant Marc L. Andreesen ("Andreesen") is, and at the time of the Offering was a director of Coinbase and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

36.     Defendant Frederick Ernest Ehrsam III ("Ehrsam") is, and at the time of the Offering was a director of Coinbase and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

37.     Defendant Kathryn Haun ("Haun") is a director of Coinbase and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

38.      Defendant Kelly Kramer ("Kramer") is, and at the time of the Offering was a director of Coinbase and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

39.     Defendant Gokul Rajaram ("Rajaram") is, and at the time of the Offering was a director of Coinbase and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

40.     Defendant Fred Wilson ("Wilson") is, and at the time of the Offering was a director of Coinbase and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

41.     Defendants Armstrong, Alesia, Jones, Andreesen, Ehrsam, Haun, Kramer, Rajaram, Wilson, Chatterjee and Choi are collectively referred to hereinafter as the "Individual Defendants."

42.     The Individual Defendants were financially motivated to sell shares in the Company's direct listing on NMX.

43.     At all times relevant, the Individual Defendants have been either executives and/or directors of the Company and have participated in managing and running all aspects of the Company's business, including the having access to, and controlling the contents of the Company's reports and filings with the SEC, as well as public press releases issued by the Company.  The Individual Defendants were provided with copies of these reports, filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to either prevent their issuance or cause them to be corrected.

44.     Defendant AH Capital Management LLC, formerly Andreesen Horowitz (hereinafter "AH Capital") is a venture capital firm located in Silicon Valley, California. AH Capital and its affiliates owned more than 5% of the Company at the time of the Offering.  AH Capital was financially motivated to sell shares in the Company's direct listing on NMX.

45.     Defendant Union Square Ventures, LLC and its affiliates (hereinafter "Union Square Ventures") is a venture capital firm located in New York, New York.  Union Square Ventures owned more than 5% of the Company at the time of the Offering.  Union Square Ventures was financially motivated to sell shares in the Company's direct listing on NMX.

46.     Defendant Tiger Global Management, LLC and its affiliate Tiger Global Private Investment Partners XI, L.P. (collectively "Tiger Global") is a venture capital firm located in New York, New York.  Tiger Global owned more than 5% of the Company at the time of the Offering.  Tiger Global was financially motivated to sell shares in the Company's direct listing on NMX.

47.    Defendant Paradigm Fund LP (hereinafter "Paradigm") is an investment firm located in San Francisco, California.  Paradigm owned more than 5% of the Company at the time of the Offering.  Paradigm was financially motivated to sell shares in the Company's direct listing on NMX.

48.    Defendant Ribbit Management Company, LLC (hereinafter "Ribbit Capital") is a venture capital firm located in Palo Alto, California.  Ribbit Capital owned more than 5% of the Company at the time of the Offering.  Ribbit Capital was financially motivated to sell shares in the Company's direct listing on NMX.

49.    Defendant Viserion Investment Pte Ltd. (hereinafter "Viserion") is an investment firm based in Singapore.  Viserion owned more than 5% of the Company at the time of the Offering.  Viserion was financially motivated to sell shares in the Company's direct listing on NMX.

50.    Defendants AH Capital, Union Square Ventures, Tiger Global, Paradigm, Ribbit Capital, and Viserion are collectively referred to herein as the "Venture Capital Defendants."

## JURISDICTION AND VENUE

51.    This court has jurisdiction over claims asserted under Sections 11, 12(a)(2) and 15 of the Securities Act (15 U.S.C. §§77(k), 77l(a)(2) and 77o, respectively), and pursuant to Sections 20 and 22 of the Securities Act [15 U.S.C. §§ 77t and 77v] and Section 21 and 27 of the Exchange Act [15 U.S.C. §§ 78u and 78aa].

52.    This Court has jurisdiction over claims asserted under Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 pursuant to 28 U.S.C. § 1331 and 15

U.S.C. § 78aa, as well as supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining claims in the amended complaint, which comprise the same case or controversy.

53.     This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 22 of the Securities Act (15 U.S.C. § 77v).

54.     This Court has personal jurisdiction over the defendants because personal jurisdiction attaches in any federal district with respect to claims asserted under Section 10(b) and Rule 10(b)-5 of the Securities Exchange Act of 1934.

55.     Venue is proper in this Judicial District pursuant 28 U.S.C. § 1391(b).

56.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

57.     This Court has jurisdiction over the subject matter presented by this class action complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts over any class action in which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiff alleges that the total claims of the individual members of the Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

58.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant Coinbase Global, Inc. is a "remote-first" company which does not maintain a

headquarters, and whose principal place of business located in this district as much or more than it was located anywhere else, and many of the acts charged herein occurred in this district.

## **CLASS ACTION ALLEGATIONS**

59.    Plaintiff brings his claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23(a) and (b)(3), on behalf of:

> all individuals or entities who purchased Coinbase common stock pursuant and/or traceable to the Registration Statement on April 14, 2021, or thereafter, in advance of Coinbase's first fiscal quarter 2021 earnings release on May 13, 2021, and who suffered monetary losses thereby.  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

*Numerosity*

60.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown, as many as 200 million shares of Coinbase stock traded in the first week of trading on NMX in April 2021, and upon information and belief there are thousands of class members.

*Commonality*

61.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a.    Whether Defendants' acts violated the federal securities laws as alleged herein;

      b.    Whether the false and misleading statement in the Registration Statement affected members of the Class;

c.    Whether the omission of adverse statements from the Registration Statement affected members of the Class;

d.    Whether as a result of Defendants' misconduct, Plaintiff and the class are entitled to relief, and the amount and nature of relief;

*Typicality*

62.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of making false or misleading representations, or omitting adverse statements in the Registration Statement.  Defendants' unlawful practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful actions by Defendants.

*Adequacy*

63.  Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent representing plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

64.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of securities litigation, where individual Class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

65.    A class action will cause an orderly and expeditious administration of the claims of the class.  Economies of time, effort and expense will be fostered and uniformity of decisions will be ensured.  This class action presents no difficulties in management that would preclude maintenance as a class action.  The class is readily definable and is one for which records of the names and addresses of the members of this class exists in the files of

the members of the NMX exchange through which Plaintiff's and the Class members' purchases of Coinbase common stock were made.

## SUBSTANTIVE FACTUAL ALLEGATIONS

66.     On February 25, 2021, Coinbase filed its initial Registration Statement on Form S-1.

67.     On March 23, 2021, Coinbase filed its final amendment to the Registration Statement with the SEC on Form S-1/A, which forms part of the Registration Statement.

68.      The Registration Statement was noticed as effective by the SEC on April 1, 2021.

69.     Each version of the Registration Statement, including the prospectus filed on April 14, 2021, disclosed that Defendants collectively owned approximately 16 million shares of the Company's Class A common stock.

70.     At the time of the Offering, All of the Company's Class A common stock was to be deemed restricted, Rule 144 stock.

71.     From April 1, 2021, through April 14, 2021, before public trading of the Company's class A common shares began on NMX, defendants Armstrong, Wilson, Union Square Ventures, Andreesen, AH Capital, Haun, Jones, and Choi collectively acquired, via conversion, option exercise or otherwise, approximately 12 million shares of class A common shares, increasing their collective holdings by 75% to approximately 28 million shares.

72.     Coinbase failed to amend or update the Registration Statement to reflect these material changes in these defendants' share holdings of the Company ahead of the Offering.

73.     On April 14, 2021, the Company filed its prospectus on Form 424B4 with the SEC which forms part of the Registration Statement.  The Company registered for the resale of up to 114,850,769 shares of Class A common stock by registered shareholders at a reference price of $250.  According to the Registration Statement, the resale of the Company's stock was not underwritten by an investment bank and the registered stockholders would purportedly elect whether or not to sell their shares.  Such sales, if any would be brokerage transactions on the NMX Exchange, and Coinbase would purportedly not receive any proceeds from the sale of shares of Class A common stock by the registered holders.

74.     In the prospectus on Form 424B4 filed on April 14, 2021, the Company made no changes to the disclosed Class A common stocks holdings of Defendants, despite such holdings having increase from approximately 16 million shares to 28 million shares during the two-week period leading up to the Offering.

75.     On April 14, 2021, defendant Brian Armstrong sold 750,000 shares of Coinbase Class A common stock, receiving in excess of $291 million in proceeds.

76.     Mr. Armstrong sold 466,667 of those shares at the market opening, at a price of $381 per share.

77.     On April 14, 2021, defendant Marc Andreesen sold 294,775 shares of Coinbase Class A common stock, receiving in excess of $112 million in proceeds.

78.     Mr. Andreesen sold all of those shares at the market opening, at price of $381 per share.

79.     On April 21, 2021, defendant Alesia Haas sold 255,000 shares of Coinbase Class A common stock, receiving in excess of $99 million in proceeds.

80.     Ms. Haas sold 180,500 of those share at the market opening, at a price of $381 per share.

81.     On April 21, 2021, defendant Surojit Chatterjee sold 160,000 shares of Coinbase Class A common stock, receiving in excess of $61 million in proceeds.

82.     Mr. Chatterjee sold 135,000 of those shares at the market opening, at a price of $381 per share.

83.     On April 14, 2021, defendant Frederick Ernest Ehrsam sold 210,000 shares of Coinbase common stock, receiving in excess of $81 million in proceeds.

84.     Mr. Ehrsam sold 122,852 of those shares at the market opening, at a price of $381 per share.

85.     On April 14, 2021, defendant Jennifer Jones sold 110,000 shares of Coinbase Class A common stock, receiving in excess of $43 million in proceeds.

86.     Ms. Jones sold 60,000 of those shares at the market opening, at a price of $381 per share.

87.     On April 14, 2021, defendant Kathryn Haun sold 204,885 shares of Coinbase Class A common stock, receiving in excess of $73 million in proceeds.

88.     Ms. Haun sold 54,885 of those shares at the market opening, at a price of $381 per share.

89.     On April 14, 2021, defendant Fred Wilson sold 4.5 million shares of Coinbase Class A common stock, receiving approximately $1.75 billion in proceeds.

90.     On April 14, 2021, defendants Emilie Choi sold 531,662 shares of Coinbase Class A common stock, receiving in excess of $180 million in proceeds.

91.     The Offering was not an initial public offering ("IPO") but instead was a direct listing.

92.     There was not a fixed or determined number of Class A common stock available for sale in connection with the Offering.

93.     According to the Registration Statement, including any amendments thereto, and the Company's prospectus incorporated therein, there was no assurance that any registered stockholders or other existing stockholders would sell any of their shares of Class A common stock in the Offering.

94.     Unlike in an IPO, where the amount of shares being issued is determined and disseminated to the market in advance, the only means for a prospective investor to discern any indication of amount of shares likely to be sold in a direct listing such as the Offering is by referring to the Registration Statement, including the amount of shares held by insider and others who might sell.

95.     The Registration Statement consistently disclosed the same amount of Class A common shares held by the defendants.

96.     Defendants knew or should have known that a prospective investor in a direct listing such as the Offering would reasonably rely on the intentions of the defendants to sell Coinbase Class A common shares in the Offering, as indicated by the amount of readily saleable Class A common shares the defendants held, as disclosed in the Registration Statement, included any changes to such holdings ahead of the Offering.

97.     Defendants Brian Armstrong, Alesia Haas, Jennifer Jones, Emilie Choi, Marc Andreesen, Kathryn Haun, AH Capital, Frederick Ehrsam, Paradigm, Fred Wilson, and Union Square Ventures failed to convey to prospective investors, including Plaintiff,

changes they each made to collectively increase their holdings in Coinbase Class A common stock by approximately 12 million shares during the 13 days leading up to the Offering, in preparation to sell shares in the Offering.

98.     These defendants knew or should have know that reasonable investors, such as Plaintiff, would be likely to make investment decisions related to the Offering in reliance on the intentions of the defendants to sell Coinbase Class A common shares.

99.     By nearly doubling their collective holdings of Coinbase Class A common stock during the two-week period prior to the Offering, a strong inference can be drawn that these defendants were no longer uncertain about intending to sell shares in the Offering.

100.     The collective sales of more than seven million shares of Coinbase Class A common stock, on the very first day of public trading, by the nine defendants listed in paragraphs 75 through 90 above confirm that these defendants intended to sell shares in the Offering.

101.     That the defendants listed in paragraphs 75 through 88 collectively sold more than 1.3 million shares at the market opening on April 14, 2021, confirms that their intention to sell shares in the Offering was previously determined.

102.     The facts alleged above demonstrate that the Registration Statement, including any amendments thereto, and the prospectus filed on April 14, 2021 and incorporated therein, was false or misleading because it inaccurately disclosed the true Class A common share holdings of the defendants at the time of the Offering.

103.     The Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to

make the statements made not misleading, and was not prepared in accordance with the rules and regulations governing its preparation.

104.    Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

105.    The Registration Statement misleadingly described the Company's platform, stating in relevant part:

> "we enable customers around the world to store their savings in a wide range of crypto assets…."

106.    The Registration Statement further claims that:

> "crypto has the potential to be as Revolutionary and widely adopted as the internet.  The unique properties of crypto assets naturally position them as digital alternatives to store of value analogs such as gold, enable the creation of an internet-based financial system, and provide a development platform for applications that are unimaginable today.  ***These markets and asset classes collectively represent hundreds of trillions of dollars of value today***."

[Emphasis Added].

107.    The Registration Statement falsely, misleadingly and/or deceptively states, in relevant part:

> "there can be no assurance that any registered stockholders or other existing stockholders will sell any of their shares of Class A common stock and there may initially be a lack of supply of, or demand for, shares of Class A common stock on the Nasdaq Global Select Market."

108.    The Registration Statement falsely, misleadingly and/or deceptively states in relevant part:

> "factors could result in a public price of our Class A Common stock that is higher than other investors (such as institutional investors) are willing to pay…."

109.    The Registration Statement further falsely, misleadingly and/or deceptively states that:

> "we have not consulted with registered stockholders or other existing stockholders regarding their desire or plans to sell shares in the public market following the listing…."

110.    These statements were false, misleading and/or deceptive because they omitted to disclose that Defendants, some of whom are the very same people who personally signed the Registration Statement, had determined to sell millions of shares in the Offering.

111.    That defendants Armstrong, Wilson, Union Square Ventures, Andreesen, AH Capital, Haun, Jones, and Choi determined to sell millions of shares in the Offering is demonstrated by their purposeful exercise, conversion or other acquisition of approximately twelve million of additional Class A common shares between April 1, 2021 and April 14, 2021, followed by their immediate sale, collectively, of more than seven million shares on April 14, 2021, realizing more than $2.7 billion in proceeds from such sales.

112.    Plaintiff Alicandro purchased 575 shares of the company's Class A common stock on April 14, 2021.

113.    Plaintiff Alicandro read the Company's Registration Statement, including the statements contained therein and cited above, prior to purchasing any of the Company's Class A common stock.

114.    Plaintiff Alicandro relied on those statements in the Registration Statement in deciding to purchase Coinbase Class A common shares.

115.    On May 13, 2021, Coinbase reported its first-quarter 2021 financial results after the Market closed and issued guidance for the second quarter.

116.    On this news, Coinbase stock fell $6.73 the next day, May 14, 2021.  Over the next three trading days, the stock fell another $33.57, nearly 13%, closing at $224.80 on May19, 2021, its lowest ever losing price, more than 40% below the price at which the Coinbase common shares were opened for trading on April 14, 2021, just 26 trading days prior.

117.    These further stock declines were principally caused by two events following the first quarter earnings report.

118.    Four days after the earnings report, on May 17, 2021, Coinbase announced plans to raise $1.25 billion from a convertible bond offering, belying representations in Registration Statement just a month earlier that the Company was sufficiently capitalized to meet its cash operating needs.

119.    Two days later, on May 19, 2021, Coinbase announced technical issues affecting its platform, which issues affected Coinbase users' ability to access their crypto assets and funds they held at Coinbase.

**COUNT I: Violation of § 10(b) of the Exchange Act and Rule 10b-5**

**(Against the Company, Individual Defendants, AH Capital and Union Square Ventures)**

120.    Plaintiff, on behalf of himself and all Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

121.    This claim is brought against all the Company, the Individual Defendants, AH Capital and Union Square Ventures pursuant to Section 10(b) of the Exchange Act.

122.    In its Form S-1, amendments thereto, the final amended S-1 and prospectus filed between February 25, 2021, and April 14, 2021, the Company states that it was uncertain whether registered or other stockholders of the Company would sell any shares of the Company's Class A common stock in the Offering.

123.    Prior to April 14, 2021, these defendants had already determined to sell shares of the Company's Class A common stock in the Offering.

124.    On April 14, 2021, these defendants collectively sold more than seven million shares of the Company's Class A common stock, receiving more than $2.7 billion in proceeds from those sales.

125.    These defendants acted with scienter by making misleading statements in the Registration Statement, including the Form S-1s and prospectus, intending that investors would rely on such statements to make investment decisions in connection with the Offering.

126.    These defendants knew that the Registration Statement did not disclose the true number of Coinbase Class A common stock they held at the time of the Offering.

127.    These defendants knew that there was not uncertainty about whether they would sell any shares of Coinbase Class A common in the Offering, contrary to what was stated in the Registration Statement.

128.    Plaintiff reasonably relied on the Registration Statement saying that it was uncertain whether or not these Defendants would sell any Class A common stock in the Offering.

129.    Plaintiff's suffered monetary harm as a result of his purchase of Coinbase Class A common stock in the Offering in reliance on the false, misleading and deceptive statements contained the Registration Statement.

130.    By reason of the conduct described above, The Company, the Individual Defendants, and defendants AH Capital and Union Square Ventures, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, directly or indirectly: (a) used or employed devices, scheme, or artifices to defraud; (b) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under with which they were made, not misleading; and (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

131.    Plaintiff is entitled to damages to compensate him for any and all harm caused by his reliance on Defendants' statement that it was uncertain whether or not Defendants would sell Class A common stock in the Offering.

## COUNT II: Violation of Section 11 of the Securities Act

### (Against all Defendants)

132.    Plaintiff, on behalf of himself and all Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein, except any allegation of fraud, recklessness or intentional misconduct.

133.    This count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class, against all Defendants.

25

134.   The Registration Statement was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements not misleading, and omitted to state material facts required to be stated therein,

135.   Coinbase is the registrant for the Offering.  The Defendants names herein were responsible to the contents and dissemination of the Registration Statement.

136.   As issuer of the shares, Coinbase is strictly liable to Plaintiff and the Class for the misstatements and omissions.

137.   None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

138.   By reason of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

139.   Plaintiff acquired Coinbase common stock pursuant to and/or traceable to the Registration Statement for the Offering, in reliance on the false, misleading statement of material fact, or omissions thereof, contained in the Registration Statement.

140.   Plaintiff and the Class have sustained damages.  The value of the Coinbase Class A common stock has declined substantially subsequent to and due to the Defendants' violations of Section 11 of the Securities Act.

**COUNT III: Violation of Section 15 of the Securities Act**

**(Against the Individual Defendants and Venture Capital Defendants)**

141.    Plaintiff, on behalf of himself and all Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein, except any allegation of fraud, recklessness or intentional misconduct.

142.    This claim is asserted against the Individual and Venture Capital Defendants and is based upon Section 15 of the Securities Act.

143.    The Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein, as set forth herein, controlling persons of Coinbase within the meaning of Section 15 of the Securities Act.  The Individual Defendants had the power and influence and exercised the same to cause Coinbase to engage in the acts described herein,

144.    The Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

145.    By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

**COUNT IV:  Violation of § 12(a)(2) of the Securities Act**

**(Against Defendant Coinbase and the Individual Defendants)**

146.    Plaintiff, on behalf of himself and all Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein, except any allegation of fraud, recklessness or intentional misconduct.

147.    This Count is brought pursuant to Section 12(a)(2) of the Securities Act § 771(a)(2), on behalf of the Class, against each of the Company, the Individual and Venture Capital Defendants.  These defendants were sellers, offerors and/or solicitors of purchasers of the Offering,  The Registration Statement was used to induce investors, such as Plaintiff and the other members of the Class, to purchase the Coinbase Class A common stock in the Offering,

148.    The Registration Statement contained untrue statement of material fact, omitted to state other facts necessary to make the statements therein not misleading, and omitted to state material fact required to be stated therein.  The Company's and other Defendants acts of solicitation included participating in the preparing and review of the false and misleading Registration Statement.

149.    The Company and the Individual Defendants owed Plaintiff and the other members of the Class the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading.

150.    Neither the Company nor the Individual Defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were accurate and complete in material respects.

151.    Plaintiff and the other Class members did not know, nor in the exercise of reasonable diligence could have known, of the material untruths and omissions contained in the Registration Statement.

152.     Defendant Coinbase and the Individual Defendants' conduct alleged herein violated § 12(a)(2) of the Securities Act.

153.     Plaintiff and the other Class members who purchased Coinbase stock pursuant to the Registration Statement suffered monetary injury resulting from their purchases of the Coinbase shares.

154.     Plaintiff and the Class members who hold Coinbase stock issued pursuant the Registration Statement have the rescind and recover the consideration paid for their shares, and hereby tender their Coinbase shares to Coinbase and the Individual Defendants.

## COUNT V: (Common Law Fraud)

### (Against Coinbase, the Individual Defendants, AH Capital and Union Square Ventures)

155.     Plaintiff, on behalf of himself and all Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein, and alleges this count in the alternative to Count I.

156.     In its Form S-1, amendments thereto, the final amended S-1 and prospectus filed between February 25, 2021, and April 14, 2021, the Company states that it was uncertain whether registered or other stockholders of the Company would sell shares of the Company's Class A common stock in the Offering.

157.     Prior to April 14, 2021, Defendants had already determined to sell shares of the Company's Class A common stock in the Offering.

158.     On April 14, 2021, Defendants collectively sold more than seven million shares of the Company's Class A common stock, receiving more than $2.7 billion in proceeds from those sales.

159.    Defendants acted with scienter by making misleading statements in Coinbase's Registration Statement, including its Form S-1s and prospectus, intending that investors would rely on such statements to make investment decisions in connection with the Offering.

160.    Defendants knew that the Registration Statement, including any amendments thereto and the prospectus, did not disclose the true number of Coinbase Class A common stock they held at the time of the Offering.

161.    Defendants knew that there was not uncertainty about whether they would sell any shares of Coinbase Class A common in the Offering, contrary to what was stated in the Registration Statement.

162.    Plaintiff reasonably relied on the Registration Statement stating that it was uncertain whether or not Defendants would sell any Class A common stock in the Offering.

163.    Plaintiff reasonably relied on the Registration Statement stating how many Class A common shares were held by Defendants.

164.    Plaintiff is entitled to damages to compensate him for any and all harm caused by his reliance on Defendants' statement that it was uncertain whether or not Defendants would sell any Class A common stock in the Offering.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief and judgment:

a.   Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b.   Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

c.   Awarding Plaintiff and the Class members their reasonable costs and expenses of this action together with reasonable attorneys' and expert fees; and

d.   Such other and further relief as this Court deems just and proper.


## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.


Dated:  August 10, 2022

/s/ *Michael Samuel*
Michael Samuel, Esq. (MS 7997)
Andrew D. Beresin, Esq. (AB 0603)
**THE SAMUEL LAW FIRM**
1441 Broadway – Suite 6085
New York, NY 10018
(212) 563-9884

*Attorneys for Plaintiff A. Manny Alicandro*