# MEMORANDUM ENDORSED

**LATHAM & WATKINS LLP**

Andrew B. Clubok
Direct Dial: 202.637.2200
andrew.clubok@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/2022

November 28, 2022

**VIA ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 11201

Re: *A. Manny Alicandro v. Coinbase Global, Inc., et al.*, Case No. 1:22-cv-06816 (GHW)

Dear Judge Woods:

We represent Coinbase Global, Inc., ("Coinbase"), Brian Armstrong, Alesia J. Haas, Jennifer N. Jones, Marc L. Andreessen, Frederick Ernest Ehrsam III, Kathryn Haun and Fred Wilson (the "Individual Defendants," and collectively with Coinbase, "Defendants"), in the above-referenced matter. Jointly with Plaintiff A. Manny Alicandro ("Plaintiff"), we write to request a briefing schedule on Defendants' anticipated Motion to Dismiss the Amended Complaint and a continuance of the Initial Case Management Conference presently set for December 5, 2022.

On August 10, 2022, Plaintiff filed a putative class action complaint alleging claims under the Securities Act of 1933 (the "Securities Act"), the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder, and New York common law (Dkt. No. 1). On October 26, 2021, Plaintiff filed his Amended Complaint (Dkt. No. 16), which dropped the Securities Act and New York common law claims and certain previously named defendants. On November 2, 2022, the remaining Defendants executed waivers of service. (Dkt. Nos. 17-24). Plaintiff's Exchange Act claims are subject to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4.

Pursuant to Fed. R. Civ. P. 4(d)(3), Defendants must answer or otherwise respond to the Amended Complaint no later than January 3, 2023. Defendants anticipate moving to dismiss the Amended Complaint. Pursuant to the PSLRA, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B).

The parties have met and conferred and respectfully request that the Court set the following briefing schedule:

1. Defendants shall move to dismiss or otherwise respond to the Amended Complaint no later than January 20, 2023;

**LATHAM&WATKINS**LLP

2. Plaintiff's opposition shall be filed no later than March 3, 2023; and

3. Defendants' reply shall be filed no later than March 31, 2023.

Additionally, in light of the PSLRA discovery stay (15 U.S.C. § 78u-4(b)(3)(B)), the parties request that the Initial Case Management Conference presently set for December 5, 2022, and all related deadlines, be continued until after Defendants' anticipated motion to dismiss has been resolved.

This is Defendants' first request for an adjournment or extension of time.

A Stipulation and [Proposed] Order consistent with this request is attached. We appreciate the Court's consideration of this matter.

Respectfully submitted,

/s/ *Andrew B. Clubok*
Andrew B. Clubok
of LATHAM & WATKINS LLP

*Counsel for Defendants*

cc:   All Counsel of Record (via ECF)

Application granted in part and denied in part. The initial pretrial conference scheduled for December 5, 2022 is adjourned *sine die*. The deadline for Defendants to answer or otherwise respond to the complaint is extended to January 3, 2023. In accordance with Rule 2(C) the Court's Individual Rules of Practice in Civil Cases, a pre-motion letter is required prior to the submission of any motion to dismiss. The filing of such a letter adjourns the deadline to answer or otherwise respond to the complaint as provided in the Court's Individual Rules. The Court expects that it will establish a briefing schedule with respect to any proposed motion to dismiss with the benefit of the information that will be contained in the pre-motion letter and any subsequent conference.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 28.

SO ORDERED.

Dated: November 30, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge